# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:17 cr 139

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **JOHNATHAN HILL,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

Before the Court is a violation report [# 21] filed by the United States Probation Office alleging Defendant violated terms and conditions of his pretrial release. On April 30, 2018, the Court held a bond revocation hearing. Defendant was present with his counsel, Jack Stewart, and the Government was present through AUSA Daniel Bradley. From the evidence offered, the statements of the Government and Defendant, and the records in this case, the Court makes the following findings.

**Findings**. On November 6, 2017, the Government filed an Information alleging Defendant was an accessory after the fact to murder, in violation of 18 U.S.C. §§ 3, 1111 [# 1]. On November 17, 2017, Defendant filed a waiver of indictment [# 5].

On December 1, 2017, the Court held a plea hearing and accepted Defendant's plea of guilty [# 14]. On that same date, the Court issued an order setting conditions of release and Defendant was released on a $25,000 unsecured bond [# 18, # 19]. The Court's terms and conditions of pretrial release included:

**(1)** The defendant must not violate any federal, state or local law while on release;

On December 8, 2017, based on the violation report [# 21], the Court issued an arrest warrant for Defendant. The report detailed that on December 7, 2017, Defendant attempted assault

of a police officer with a deadly weapon, Defendant possessed drug paraphernalia, and Defendant resisted a public officer.

On April 20, 2018, Defendant was arrested. On April 30, 2018, Defendant appeared before this Court for his bond revocation hearing. At the call of the matter, Defendant admitted to the allegations contained in the violation report. The Government then presented evidence through United States Probation Officer Jonathan Mason.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows:

> The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer—
>
> (1)  finds that there is—
>   (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>   (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2)  finds that—
>   (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>   (B) the person is unlikely to abide by any condition or combination of conditions of release.
>
> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.

Based upon the evidence, the Court finds there is clear and convincing evidence to believe that Defendant has violated the terms and conditions of release in that Defendant violated of a federal, state, or local law while on release. Under North Carolina law, assault of a police officer with a deadly weapon is a Class F felony. N.C. GEN. STAT. § 14-34.2. Possession of drug paraphernalia is a Class 1 misdemeanor. N.C. GEN. STAT. § 90-113.22(a). And resisting an officer

is a Class 2 misdemeanor. N.C. GEN. STAT. § 14-223. Thus, a rebuttable presumption arises that no condition or combination of conditions will assure that Defendant will not pose a danger to the safety of any other person or the community.

Due to the findings made above, the presumption that has been created, and considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community. The Court believes that based upon Defendant's actions, it is unlikely that Defendant will abide by any condition or combination of conditions of release.

As a result, the Court has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

**IT IS, THEREFORE**, **ORDERED** the unsecured bond [# 19] and terms and conditions of pretrial release [# 18] entered in this matter are hereby **REVOKED** and it is **ORDERED** Defendant be detained pending further proceedings in this matter.

Signed: May 2, 2018

Dennis L. Howell
United States Magistrate Judge